FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 5 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER RODRIGUEZ,

           Petitioner,

    - against -

ROBERT E. ERCOLE, Superintendent,

           Respondent.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
07-cv-671 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On February 8, 2007, pro se petitioner Christopher Rodriguez ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Queens County, New York for Murder in the First Degree, two counts of Murder in the Second Degree, Burglary in the First Degree, Criminal Possession of a Weapon in the Fourth Degree, and Criminal Possession of Stolen Property in the Fifth Degree. Petitioner claims that he was deprived by the trial court of his due process right to a hearing on the fairness and impartiality of a juror who allegedly gave a misleading answer to a question during voir dire.[1] For the reasons set forth below, the petition is denied.

## I. FACTUAL BACKGROUND

On March 20, 2002, after the jury rendered its guilty verdict, Petitioner moved the trial court to hold a hearing relating to a statement made by juror number three ("Juror #3") to a court officer that she had been arrested in the State of New Jersey, when during voir dire she had not given an affirmative answer when asked whether she had ever been accused, arrested, or

---

[1] Petitioner also claims that his two convictions for Murder in the Second Degree were unconstitutional. Because these convictions were vacated by the Appellate Division, this claim is moot. See People v. Rodriguez, 7 A.D.3d 545, 546 (N.Y. App. Div. 2004), aff'd sub nom. People v. Miller, 6 N.Y.3d 295 (2006).

convicted of a crime.

The District Attorney of Queens County submitted a response to Petitioner's motion, accompanied by two affidavits, one by Juror #3 and one by a detective who investigated Juror #3's criminal history. Juror #3's affidavit revealed that eight years before the trial she and a friend were briefly detained by store security at Macy's for trying to use a store certificate that had been issued to a third person and on which her friend had written Juror #3's name. Juror #3 received a summons to appear at Rockaway Municipal Court in Morris County, New Jersey. On the scheduled date, she pled guilty to a disorderly persons offense and paid a fine on the summons. Juror #3 did not consider her actions to be criminal, and she stated that she did not think about the matter again until she was called for jury duty.

When Juror #3 appeared for jury duty, after she heard the court officer state that convicted criminals were excluded from service, she asked the clerk to clarify the definition of a convicted criminal, because she wanted to determine whether she was eligible to serve as a juror. The clerk informed Juror #3 that she was eligible to serve as long as she had not been sentenced to jail or probation. Therefore, when she was asked at voir dire whether she had been accused, arrested, or convicted of a crime, Juror #3 did not think the question applied to her.

Juror #3 further stated in her affidavit that she did not intend to mislead the trial court, that she did not discuss the incident at Macy's with any of the other jurors, and that the incident at Macy's did not affect her ability to be fair and impartial.

The detective's affidavit revealed that on August 24, 1994, Juror #3 pled guilty to a disorderly persons offense and that she paid a $250 fine along with $127 in court costs. No prosecutor was present and the juror was not represented. The plea of guilty was expunged from

Juror #3's record in 1995.

The District Attorney informed the trial court that the offense to which Juror #3 had pled guilty was not a crime under the law of New Jersey, as New Jersey law provides that conviction of a disorderly persons offense "shall not give rise to any disability or legal disadvantage based on conviction of a crime." N.J. Stat. §§ 2C:20-2(b)(3); 2C:1-4(b).

Based on these affidavits and the motion papers, the trial judge ruled that there was "no factual dispute as to the material issue. Accordingly, a hearing is not required." The trial judge found that because Juror #3 had not in fact ever been accused, arrested, convicted of a crime, her failure to disclose the incident at Macy's was appropriate and therefore Petitioner had not met his burden to show any impropriety or prejudice.

## II. DISCUSSION

Regardless of the precise standard of deference given to the state court's determination that no hearing was required, it is clear that nothing the trial judge did was improper. See 28 U.S.C. § 2254(d)(1) (providing in certain circumstances for a heightened standard of deference to state court determinations). Under the federal constitution, a hearing into juror misconduct or bias is justified only where there is "clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial." United States v. Stewart, 433 F.3d 273, 303 (2d Cir. 2006). Here, as described above, all the evidence indicated that no impropriety had occurred. The affidavits submitted to the court indicated (1) that Juror #3 had made great efforts to answer all questions truthfully, (2) that she had answered all the questions in the voir dire truthfully, because she had in fact never been accused, arrested, or convicted of a crime, and (3) that she had so erred on the side of answering questions

3

truthfully that she had informed a court officer of her nagging, but in the end unjustified, feeling that she should have disclosed the incident at Macy's to the court.

The lack of a hearing under the circumstances presented here therefore did not violate Petitioner's due process rights under the federal constitution. Because habeas relief is only available for violations of federal law, the petition must be denied. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

## III. CONCLUSION

The petition is DENIED. As Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), in forma pauperis status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 4, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge